IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL MURPHY,            )
                               )
     Plaintiff,           )
                               )
     v.                 )      Case No. 03-0864-CV-W-HFS
                               )
                               )
NORTHWEST MUTUAL LIFE     )
INSURANCE COMPANY, et al.,   )
                               )
     Defendants.       )

**PRELIMINARY MEMORANDUM –LIPSCOMB SUMMARY JUDGMENT**

A ruling on motions for summary judgment has been unduly delayed, considering the imminent trial date. The parties are dealing with some rather novel concepts and calling some issues is proving difficult. It may be useful to offer preliminary views that the parties should consider as likely governing disposition of motions and trial.

Defendant Lipscomb's motion for summary judgment will likely be denied.[*] On the fiduciary relationship issue, while the normal relationship between an insurance salesperson and a prospect is not fiduciary, when solicitation develops into a conversation about how a policy can be used for investment purposes, as is alleged here, the relationship becomes almost identical to that of an "investment adviser", as in the stock broker cases. I will probably reject the defense that plaintiff cannot rely on fiduciary concepts even if his version of events is accepted.

The economic loss rule will also probably be rejected as controlling at this stage of the proceedings. Plaintiff seeks to confine the limitation to product cases; defendant seeks to limit the

---

[*]No comment will be made today on the separate defenses of the other defendants.

exception to architects. I would suppose that the supplying of all "professional services" would be within the Missouri exception, as it has developed. Whether in his capacity as an "investment adviser" defendant Lipscomb may have been supplying a professional service is not, I believe limited to the regulated occupations listed in the Missouri statute. A federally regulated activity would likely be recognized as a professional activity, and this seemingly applies to defendant Lipscomb.

Defendant has raised some serious questions about whether plaintiff can make a submissible case on misrepresentations. It might have been possible to conclude that certain claims are not submissible, but defendant seeks a wholesale rejection of all claims. The record is not sufficiently developed to persuade me that I can fairly rule that nothing can be submitted. Defendant has the burden of persuasion at this time and I remain unconvinced. Therefore, the case against defendant Lipscomb is very likely to be tried and submitted (eliminating, perhaps, certain claims from the questionnaire likely to be submitted to a jury).

A further filing is anticipated before finally ruling the motions for summary judgment.


/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 7, 2005

Kansas City, Missouri