IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-0864-CV-W-HFS |
| ) | |
| NORTHWEST MUTUAL INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

**SECOND PRELIMINARY MEMORANDUM -
NORTHWEST MUTUAL AND HAMES**

In an effort to assist counsel in preparing for trial and in evaluating the case, it has become necessary to file a second preliminary memorandum - - this one dealing with the defendants other than Lipscomb.

My current views on vicarious liability, negligent supervision, and the statute of limitations will be dealt with.[1]

I may not submit negligent supervision; however, no pretrial ruling is appropriate in light of the range of evidence that will be introduced if my other rulings are consistent with this memorandum. We are still buried in a haystack of trivia and legal platitudes. I am becoming interested in the Sally Austin memorandum of May 15, 1998, as possibly a critical document on several issues relating to Northwestern Mutual.

On the statute of limitations, it is my current view that, as to any claim that the life insurance

---

[1] I am reserving judgment on punitive damage issues until the evidence is completed.

aspects of the contract were concealed from plaintiff, the running of the statute was triggered when the first insurance policy was received. However, it is my view that the statute began to run on issues such as a comprehensive tax-free arrangement only in 2002, when plaintiff became aware of Lipscomb's alleged misrepresentations. I am unaware that taxability of part of cash surrender value, for example, was treated, even in "fine print" in the insurance policies. Therefore, the policies gave no notice of misrepresentations by Lipscomb, if they occurred.

The most serious and debatable issue applicable to the co-defendants would be whether vicarious responsibility may be established. There is case law that arguably favors plaintiff, in trying to predict the applicable Missouri law. The Bargfrede ruling (21 S.W.3d 157) rejected summary judgment in favor of insurers, when an agent driving to an appointment became a wrongful death defendant. The Bargfrede court distinguished independent contractor analysis in that case from the analysis used under the Missouri Human Rights Act. Thus, cases like Weary (377 F.3d 522), where the rights of the public were not involved, may not be a safe guide to Missouri law here.[2] This aspect of Bargfrede has some novelty, and one wonders how the Missouri Supreme Court would respond, but rulings keeping an open door on a public right to assert vicarious responsibility are not unusual. See, e.g., Easterling v. Weedman, 922 S.W.2d 735 (Ark.App. 1996); Morrison v. Academy Life Ins. Co., 567 So.2d 1309 (Ala. 1990); Davis v. Mutual Life Ins. Co. of N.Y., 6 F.3d 367 (6th Cir. 1993) (statutory in Ohio). Davis is of interest because the majority of the court allowed an independent

---

[2]A fact-finder, and perhaps a court, may be less likely to reject a status agreed to by the parties when one of the parties seeks to contradict the agreement than when a member of the public seeks relief from an agreement designed to shield a party from liability for misconduct benefitting both the contracting parties. Moreover, the Weary case may have no parallel to the arguable right to control sales presentation evidenced by the Austin letter. And Weary seems to assume, with the Tenth Circuit, that the insurer "may be liable" for agent's misrepresentations. 377 F.3d at 526.

contractor type defense by reason of plain notice to the insureds that the authority of the agent was limited. The <u>Davis</u> case thus leads one to suppose that the issue is more one of apparent authority (as to Northwestern, if not Hames), rather than traditional master-servant analysis.

Under the circumstances before me, I suppose that vicarious responsibility should remain an issue for the jury, as least as to Northwestern.

While defendants may well prevail on important questions of law before this litigation is completed, a cautious approach to summary judgment practice suggests that counsel may expect a denial of the current motions, except to the extent here indicated.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 10, 2005

Kansas City, Missouri

3