IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL MURPHY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03-0864-CV-W-HFS |
| NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, et al., | ) |
| Defendants. | ) |

**ORDER**

Defendants have filed a recusal motion (Doc. 169), a possibility anticipated by me after a conference, which was held on the record. We are all affected by our experiences in life. Occasionally a judge may feel sufficiently influenced to be uncomfortable with judging. That did not happen here. Almost always it remains his or her duty to the processing of the docket to stay with a case even though prior nonjudicial experience creates more than the usual knowledge about the issues in litigation.[1]

If I had practiced insurance law I would have been a great deal more familiar with the issues than I am now. Obviously I would stay with the case despite that experience.

Sometimes experiences have an emotional impact. Judges who have had murders in the family do not recuse from homicide cases. Judges from minority groups sit in discrimination cases.

---

[1] Recognizing that "a little knowledge is a dangerous thing" it is my practice to be very cautious about using prior impressions.

Justice O'Connor reportedly suffered discrimination after law school but has participated in "similar" cases.

Questions about sales techniques in a life insurance context reminded me of a current experience. I thought disclosure would be fair to counsel. As the transcript of the conference will disclose, I hold no resentment toward John Hancock or its sales personnel (and have in fact gone forward with the suggested restructuring of my policies). Whether I form private opinions about any or all of the defendants would be governed by the testimony. My opinions formed during some future trial would have no impact unless I am called upon to rule post-trial motions, and then I am entitled to use what I learn during trial.

I recognize that jury selection has certain parallels with what I have said, and it is normal practice to use peremptory challenges (and occasionally make challenges for cause) to keep "sophisticated" persons off the jury. Although such challenges for cause have questionable merit, I have sustained them on occasion when there are plenty of people on the panel. My reasoning is that it is undesirable to have persons on the jury who, by reason of experience, may be unduly influential. My objective is "one juror one vote". This is rather different from judging, but I thought the parallel worth mentioning, also in the interest of candor.

Defendants have not cited any authorities that are closely in point. Apparently the specific challenge here has novelty.[2] Apart from oversensitiveness of counsel or the litigants I believe that a "'reasonable person with full knowledge of all relevant facts would not conclude that [my] impartiality might be impaired'". Trammell v. Simmons First Bank of Searcy, 345 F.3d 611, 613 (8th Cir. 2003) (quoting from Vaneklase v. City of Fargo, 236 F.3d 899, 902 (8th Cir. 2000).

---

[2] Defendants are troubled by my sua sponte reference to apparent authority - but fail to note my sua sponte reference to a possible limitation on punitive damages - a concern favorable to some defendants that is perhaps less obvious as a legal issue.

The motion for recusal or disqualification (Doc. 169) is therefore DENIED.[3]

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

August 26, 2005

Kansas City, Missouri

---

[3]Because my wife's physical problems and my new household duties have reduced my courthouse hours available for trials (and otherwise processing the docket), the possibility of a voluntary recusal still exists, and may depend in part on the anticipated simplicity of proof and narrowing of trial issues.